# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LIFECARE MANAGEMENT SERVICES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ZENITH AMERICAN SOLUTIONS, INC. et al., <br><br> Defendants. | 3:15-cv-00307-RCJ-VPC <br><br> **ORDER** |

This case involves a health care provider's claim under the Employee Retirement Income Security Act ("ERISA") that a trust fund and its third-party administrator improperly refused to pay benefits under the trust fund's welfare benefit plan. Now pending before the Court is a Motion for Attorneys' Fees. (Mot. Att'y Fees, ECF No. 133.) For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL BACKGROUND

In October 2011, Jane Doe ("the Patient") was admitted for non-emergency treatment at Tahoe Pacific Hospital, a facility owned and operated by Plaintiff Lifecare Management Services, LLC ("Lifecare").[1] Prior to the Patient's admission, Lifecare contacted Defendant

---

[1] Unless otherwise indicated, Tahoe Pacific Hospital and Lifecare will be referred to hereinafter collectively as "Lifecare."

Zenith American Solutions, Inc. ("Zenith") to confirm the existence of health care coverage for the Patient. Zenith was a third-party administrator of the Electrical Workers Health and Welfare Trust Fund ("the Plan"), a non-profit employee benefit trust fund governed by ERISA and funded by employer contributions under collective bargaining agreements. Zenith confirmed the Patient's coverage, and Lifecare then admitted and treated the Patient. Subsequently, Lifecare submitted a claim to Zenith in excess of $700,000, of which Zenith paid roughly $140,000 and refused to pay more. With this lawsuit, Lifecare sought the remaining benefits it believed it was owed under the Plan.

On April 13, 2017, the Court granted summary judgment against Lifecare and closed the case. (Order, ECF No. 131.) The Court held that Lifecare could not pursue an ERISA claim as the Patient's assignee because the Patient herself was not eligible for coverage under the unambiguous terms of the Plan. (*Id.* at 7–10.) Zenith now moves for an award of attorneys' fees under 29 U.S.C. § 1132(g)(1). (Mot. Att'y Fees, ECF No. 133.)

**II. LEGAL STANDARDS**

Under 29 U.S.C. § 1132(g), a court in its discretion may award reasonable attorneys' fees and costs to either party in an ERISA action brought by a plan participant, beneficiary, or fiduciary. The Ninth Circuit has held that in exercising this discretion, district courts should consider the following factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). "No one of the *Hummell* factors . . . is necessarily decisive, and some may not be pertinent in a given case." *Carpenters*

*Southern California Administrative Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). Notably, the Ninth Circuit has observed that the *Hummell* factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Tingey v. Pixley–Richards West, Inc.*, 958 F.2d 908, 909 (9th Cir. 1992).

**III.     ANALYSIS**

Under clear Ninth Circuit precedent, attorneys' fees are not available here. *See Corder v. Howard Johnson & Co.*, 53 F.3d 225, 230–31 (9th Cir. 1994) (discussing *Credit Managers Ass'n of Southern California v. Kennesaw Life and Accident Insurance*, 25 F.3d 743 (9th Cir. 1994)). In *Corder*, the Ninth Circuit analyzed the import of its prior ruling in *Credit Managers*. That analysis need not be fully reproduced here. In brief, the Ninth Circuit affirmed an award of attorneys' fees in *Credit Managers*, even though the plaintiff was in fact not an ERISA fiduciary, because the plaintiff "colorably maintain[ed] for a long time, without any evidentiary basis, 'that it was a fiduciary of an ERISA plan throughout the proceedings below, in a manner sufficient to withstand summary judgment . . . .'" *Id.* at 230 (quoting *Credit Managers*, 25 F.3d at 747). The court concluded its analysis of *Credit Managers* by stating: "Thus, when a party survives summary judgment and actually tries its case on the colorable theory that it is one of the enumerated parties specified in § 1132(g)(1), it may be subjected to an award of fees when it fails to prevail on that ground because its claim lacks any evidentiary basis." *Id.* at 230–31.

In *Corder*, therefore, the Ninth Circuit found the district court lacked authority to award attorneys' fees against the ERISA plan under § 1132(g)(1). *Id.* at 231. In so holding, the court stated: "Most important, the Plan's possible status as a fiduciary did not survive summary judgment, *as* Credit Managers *requires*; the Plan's lack of status as a party enumerated in § 1132(g)(1) was, as we have said, the sole ground of the summary judgment against it on the ERISA claim." *Id.* (emphasis added).

This case is very closely analogous to *Corder*. Here, Lifecare asserted it was the rightful assignee of the Patient's rights under the Plan, and asserted the Patient was eligible for Plan coverage. However, these assertions did not survive summary judgment. As in *Corder*, the sole basis for the summary judgment in this case was that the Patient—and by extension Lifecare—was not a Plan beneficiary or participant. *Corder* establishes that before attorneys' fees may be awarded against a plaintiff in an ERISA action, the plaintiff must at least survive summary judgment on the *possibility* that it is an enumerated party under § 1132(g). Accordingly, the Court lacks authority to award attorneys' fees here.

Furthermore, the Court briefly notes its satisfaction that the *Hummell* factors also weigh against awarding attorneys' fees in this case. At bottom, this dispute arose in large part due to multiple errors committed by Zenith and the Plan. If Zenith had done its due diligence in determining whether the Patient was initially eligible for coverage, it would never have enrolled her in the Plan back in 2003. Thereafter, Zenith confirmed and reconfirmed, on several occasions, that the Patient was covered. Zenith then went so far as to pay nearly $140,000 in Plan benefits based on its incorrect yet persistent belief that the Patient was Plan-eligible. It was not until summary judgment, more than a year after this case was filed, that Zenith finally asserted the Patient was ineligible under the plain terms of the Plan. Under these circumstances, the Court cannot conclude that Lifecare was culpable in bringing this action, or that an award of attorneys' fees would serve the deterrent purposes of § 1132(g). *See Resilient Floor Covering Pension Trust Fund Bd. of Trustees v. Michael's Floor Covering, Inc.*, No. 11-cv-05200-JSC, 2017 WL 24747, at *2 (N.D. Cal. Jan. 3, 2017) (where a plaintiff has a "non-frivolous basis" for asserting ERISA claims, there is "little to no deterrent effect to awarding fees").

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorneys' Fees (ECF No. 133) is DENIED.

IT IS SO ORDERED. June 14, 2017

_____
ROBERT C. JONES
United States District Judge